```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Monica Banerjee</u>

    v.                                              Civil No. 15-cv-488-JD
                                                 Opinion No. 2016 DNH 089
<u>Town of Wilmot</u>


                               O R D E R

    Monica Banerjee, proceeding pro se, brought suit against the Town of Wilmot, New Hampshire, alleging a federal due process claim and a state claim for fraudulent misrepresentation that arose from her dispute with the town about a building permit for construction of a building for her business and her home.  Wilmot moves to dismiss the federal due process claim on the ground that it is barred by res judicata and moves to dismiss both the federal and state law claims on the ground that they are time-barred.  Banerjee objects to the motion to dismiss and also moves to stay the case pending her appeal in the New Hampshire Supreme Court.

I.  <u>Motion to Stay</u>

    Banerjee states that her "initiating documents and subsequent amended complaint indicates [sic] there is a pending appeal in New Hampshire Supreme Court, docket # 20150704 <u>Monica Banerjee v. Town of Wilmot, N.H.</u>"  She did not submit any

documents to show what was appealed.  It appears that Banerjee appealed the decision of the Merrimack County Superior Court, issued on September 29, 2015, that dismissed her promissory estoppel claim against Wilmot.

In support of her motion to stay, Banerjee represents that if her claims in this suit survive the pending motion to dismiss and if her appeal is successful, she intends to seek leave to remove her state claim, for promissory estoppel, to this court to be heard concurrently with this case.  She provides no authority to support her request for a stay.[1]  Cf. Watson v. Perez, --- F. Supp. 3d ---, 2016 WL 1054404, at *6 (D. Mass. Mar. 11, 2016) (discussing Younger abstention); AIG Property Casualty Co. v. Green, --- F. Supp. 3d ---, 2015 WL 8779732, at *3 (D. Mass. Dec. 15, 2015) (discussing other abstention doctrines applicable when a related state action is pending); Goulette v. Service Credit Union, 2015 WL 5539929, at *2 (D.N.H. Sept. 16, 2015) (same).

This case does not include a claim for promissory estoppel. Banerjee does not contend that the outcome in this case would affect the appeal or that the appeal would affect this case. Further, Banerjee's removal theory is contrary to the removal

---

[1] Wilmot, which is represented by counsel, failed to file a response to the motion to stay.  For that reason, Wilmot does not object to the stay.

statute that allows defendants, not plaintiffs, to remove cases to federal court. See 28 U.S.C. § 1441(a). Therefore, Banerjee has provided no cognizable ground to support imposing a stay in this case while her appeal is pending.

## II. Motion to Dismiss

Wilmot moves to dismiss the federal due process claim on the ground that it is barred by res judicata and moves to dismiss both the due process claim and the state law fraud claim on the ground that they are barred by the statute of limitations. In response, Banerjee argues that she is bringing a different due process claim in this case, which does not implicate res judicata, and that neither claim is barred by the statute of limitations.

### Standard of Review

In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court assumes the truth of the properly pleaded facts and takes all reasonable inferences from the facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015). Conclusory statements in the complaint that merely provide the elements of a claim or a legal standard are not credited for purposes of a motion under Rule

12(b)(6). Lemelson v. U.S. Bank Nat'l Assn., 721 F.3d 18, 21 (1st Cir. 2013). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Background

In her amended complaint, Banerjee alleges that in 2003 she purchased a lot in Wilmot, New Hampshire, to build "a residence and business." She was granted a building permit and obtained other permits for a 14,000 square foot building with a height of thirty-five feet. Banerjee then submitted an application for an amended building permit which was granted in September of 2004. By the spring of 2006, the dry shell of the residential portion of the structure had been built.

Wilmot contacted Banerjee in January of 2007 about complaints they had received concerning her construction. Because of changes in the structure, Banerjee submitted a third application that was approved in March of 2007. Construction continued. In August of 2008, Banerjee moved into the top floor of the structure while construction continued.

In June of 2009, Banerjee called the New Hampshire Department of Safety to inspect the electrical wiring because of a hum in her audio equipment. The state inspector told Banerjee

that he was discussing concerns about her occupancy of the unfinished structure with Wilmot officials.

The Board of Selectmen in Wilmot called Banerjee to meet with them about possible violations at her home. They questioned the legality of her septic system and the height of the building. The next day the septic issue was resolved. The Selectmen inquired about visiting the property to measure the height of the building. In February of 2010, the Wilmot Fire Chief, Doug Rayno, and his deputy met with Banerjee and attempted to measure the building. Banerjee refused to allow them to measure because she believed she had designed the house to comply with the thirty-five foot height restriction. Banerjee then refused a request by Wilmot's attorney to allow measurement of the building.

On April 6, 2010, Wilmot's attorney gave Banerjee an indemnity agreement for her signature. Under the agreement, Banerjee would be allowed to keep the building as it existed, without changing the height or taking other measures, if she agreed that Wilmot and the fire department would not be liable to Banerjee for any damage to her property or personal injury resulting from the height of the building. The agreement also provided that Banerjee would indemnify the Town and the fire department for any claims against them by third parties that

arose from the height of the building.  Banerjee refused to sign the agreement.

On April 29, 2010, the Board of Selectmen served Banerjee with a cease and desist order that required her to stop using or occupying the building on her property until the height of the building was decreased to comply with the New Hampshire Building Code, the Wilmot Zoning Ordinance, and her building permit.  The cease and desist order required her appearance and an answer in Newport District Court.  When Banerjee could not find an attorney to represent her, she appeared pro se.  The case was then moved to Lebanon District Court.

Through discovery, Banerjee learned that the Wilmot Fire Department's highest ladder was twenty-four feet, not thirty-five feet.  Additional discovery showed that the town ordinance for a thirty-five foot restriction on buildings had not passed, leaving the prior restriction to the height of the fire department ladder.  After further litigation, the Lebanon District Court issued its order on July 11, 2011, in which the cease and desist order was annulled and set aside.  The court held that the Wilmot ordinance limiting building height to the capability of the town's firefighting equipment was unenforceable and also held that Banerjee was entitled to fees and costs pursuant to RSA 676:17-a, VII.

Banerjee filed suit against Wilmot in this court on April 26, 2013. Banerjee v. Town of Wilmot, 13-cv-203-PB (D.N.H. 2013). She alleged federal claims, pursuant to 42 U.S.C. § 1983, that Wilmot violated her rights to procedural and substantive due process under the Fourteenth Amendment and violated her rights under the Contract Clause. She also alleged state law claims for abuse of process, malicious prosecution, fraudulent misrepresentation, and libel and slander. The court dismissed the federal claims, including the new claims Banerjee alleged in an amended complaint, because Banerjee failed to state cognizable claims. The court declined supplemental jurisdiction over the state law claims, which were dismissed without prejudice.

On appeal, the First Circuit held that Banerjee did not have a protectable property interest "in her reliance on Wilmot providing firefighting services for buildings as high as her own. This is not a viable claim to a legally-cognizable right." Banerjee v. Town of Wilmot, No. 13-2512 (1st Cir. June 20, 2014). The court further explained that the height limit in her building permit "was no more than a 'false or merely unkept' promise." Id. The court affirmed the remainder of the order dismissing Banerjee's federal claims. The mandate issued on July 31, 2014. Banerjee alleges that she then petitioned for a

writ of certiorari to the United States Supreme Court, which was denied on December 1, 2014.

Banerjee filed a claim of promissory estoppel against Wilmot in state court on April 6, 2015.  The court ruled that Banerjee failed to state a claim for promissory estoppel and that her claim was also barred by the statute of limitations, RSA 508:4.  Banerjee v. Town of Wilmot, No. 217-2015-CV-00124 (Merrimack Sup. Ct. September 21, 2015).  Banerjee appealed that decision, and her appeal remains pending.

Banerjee filed the complaint in this case on November 30, 2015, alleging a claim under § 1983 that Wilmot violated her procedural due process rights and a state claim of fraudulent misrepresentation.  In support of her procedural due process claim, Banerjee alleges that Wilmot deprived her without adequate process:

> of fundamental protected and State derived liberty interests of the ability to choose where and under what conditions she would build and establish a home and family, the choice of legal and gainful employment through her intended business without governmental interference that had no legitimate interest which caused her unreasonable personal risk and competitive disadvantage to her business.

Compl. Doc. no. 1, ¶ 85.  She alleges in support of her fraudulent misrepresentation claim that the Selectmen induced her to build under false pretenses by "stating the capabilities

8

of the Wilmot Fire Department were 35 feet when they were in fact 24 feet." Id., ¶ 114.

## Discussion

In support of its motion to dismiss, Wilmot contends that Banerjee's procedural due process claim is barred by res judicata based on Banerjee's prior suit where her procedural due process claim was dismissed. Wilmot also contends that the procedural due process claim and the fraudulent misrepresentation claim are barred by the statute of limitations. Banerjee argues that res judicata does not apply because she is alleging a new procedural due process claim in this case and that RSA 508:10 provided her a year from the denial of her petition for a writ of certiorari to file suit on her claims.

A. Claim Preclusion

When the preclusive effect of a federal judgment by a court exercising federal question jurisdiction is at issue, the court applies federal law of claim preclusion.[2] Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005). "Under the federal law

---

[2] Although the parties use the term "res judicata," the more precise term in this case is claim preclusion. See Silva v. City of New Bedford, 660 F.3d 76, 78 n.1 (1st Cir. 2011).

of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012). "Claim preclusion applies if (1) the earlier suit resulted in a judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

There is no dispute that Banerjee's first federal suit ended in a final judgment on the merits that dismissed her procedural due process claim.[3] Banerjee and Wilmot were the parties in the prior suit. Therefore, the only issue raised by Banerjee is whether the procedural due process claims in the prior suit and this suit are sufficiently identical or related to support claim preclusion.

To decide whether claims are sufficiently identical or related for purposes of claim preclusion, the court applies a "transactional approach" that "considers whether the underlying factual bases for the causes are related in time, space, origin

---

[3] For that reason, RSA 508:10 does not apply to Banerjee's procedural due process claim. See Jenks v. Menard, 145 N.H. 236, 238 (2000).

or motivation." Silva, 660 F.3d at 79 (internal quotation marks omitted). Therefore, the claims are sufficiently identical or related if they "derive from a common nucleus of operative facts." Id.

Banerjee's procedural due process claims in the first federal suit and in this suit both arise from the building permit process in Wilmot.[4] Although Banerjee attempts to refashion her current procedural due process claim to avoid the First Circuit's ruling on the lack of a property interest, her claim continues to allege procedural due process violations that arise from the Wilmot building permit process and the height of construction being limited by the capabilities of the fire department. As such, Banerjee's first procedural due process claim and the claim in this case are sufficiently related to support the application of claim preclusion.

Therefore, Banerjee's procedural due process claim is barred and must be dismissed.

B.  Supplemental Jurisdiction

Subject matter jurisdiction in this case is based on the procedural due process claim, which presents a federal question.

---

[4] In the first suit, Banerjee was given an opportunity to provide additional briefing on her procedural due process claim and also to amend her complaint. Despite those additional opportunities, her claim was dismissed.

28 U.S.C. § 1331.  With the dismissal of the procedural due process claim, the court declines to exercise supplemental jurisdiction over the state law claim of fraudulent misrepresentation.  See 28 U.S.C. § 1367(c)(3).  Therefore, the fraudulent misrepresentation claim is dismissed for lack of jurisdiction.

## Conclusion

For the foregoing reasons, the plaintiff's motion to stay (document no. 18) is denied.  The defendant's motion to dismiss (document no. 13) is granted.  The procedural due process claim, Count I, is dismissed with prejudice.  The fraudulent misrepresentation claim, Count II, is dismissed without prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                            /s/ Joseph A. DiClerico, Jr.
                                            Joseph DiClerico, Jr.
                                            United States District Judge

May 3, 2016

cc:   Monica Banerjee, pro se
      Andrew B. Livernois, Esq.